The opinion of the court was delivered by
White, J.
The plaintiffs seek to enforce the payment of the balance remaining due on two certain notes drawn by the defendant with ■the authority of her husband, and secured, or purporting to be secured, by mortgage on certain property in the parish of Iberia. The defendant resists on the following grounds:
That the amount sued for is not due by her, the notes evidencing the same representing the debt of her husband for which she was incompetent to bind herself or her property ; that the act of mortgage •covered three notes, amounting to $1124 81, of which sum $750 represented the purchase price of five mules sold her by the plaintiffs for her separate use, and the remainder, $875, evidenced a debt due plaintiffs for mules previously sold her husband; that the plaintiffs were aware that the debt was due by her husband when the mortgage was consented to •and the notes given; that she had paid on account of the notes the sum in principal of $877 33, which along with the interest constituted a payment made by her in error in excess of the amount due of $80 57, for which she prayed judgment in reconvention. She charged the nullity of the authorization of the judge, granted under 0. 0.126,127, because it did not specify the amount which she was authorized to borrow, and because the certificate did not and could not have authorized her to bind herself for her husband’s debts, antecedently contracted to the knowledge of the person dealing with her on the faith of the power which it purported to convey.
The judgment below rejected the plaintiffs’ demand, as also the reconventional demand. The plaintiffs appeal.
The facts shown by the documentary evidence are as follows : On the third of March, 1873, the defendant, after examination as required *735 by law, was authorized to contract a debt to the extent of $3000, and to secure the payment of the same, or any part thereof, by the mortgage of her separate property; that on the third of March, 1873, by act before Joseph A. Breaux, notary, she acknowledged herself indebted to the plaintiffs in the sum of $1624, evidenced by her three promissory notes •of date the. third March, 1873, payable respectively on the fifteenth days of January, 1874,1875 and 1876 — the act reciting that the authority “to mortgage said property is hereto annexed;” the certificate to which we have already referred being annexed to the act. The payments alleged by the defendant are unquestioned, and the issues as presented by brief of counsel involve the liability of the defendant for the amount which •she charges was a debt of her husband.
On the trial the plaintiff objected to the introduction of oral testimony, that of defendant, to substantiate the answer: 1st. Because the defendant had obtained previous to executing tl\e act of mortgage referred to in plaintiffs’ petition the authorization to execute the same. The said authorization makes full proof against her that the contract inured to her benefit. 2d. Because she cannot question now, by alleging error, which is not substantiated, the correctness of the authorization.
These objections were overruled, and we think properly so. Grant, for the sake of examination, that the certificate of a judge, given under C. C. 126, 127, has the force and effect of the thing adjudged as •against the married woman acting under it, thereby irrevocably closing the door to all inquiry as to the use of money borrowed, the objection would be none the less untenable because the defense was not an attempt to show that money borrowed under the authority was applied to the husband’s debts, but a charge that nothing was ever borrowed under the authority; that the plaintiff, an antecedent creditor of the husband, had not only in fraudeni legis, but in violation of the terms of the authority obtained under its apparent sanction — the promise of the wife to pay the husband’s existing debt. O’Keefe vs. Handy, not yet reported.
The proof establishes the defense. It consists of the testimony of the defendant, who swears point blank to the facts of the answer. It is urged that, inasmuch as she testifies that the mules sold her, and those previously bought by her husband, were by him placed on a plantation which she admits belonged to her at the date of the mortgage, therefore she is bound for their price, as placing them on her property made them part thereof as immovables by destination, hence a purchase for her account. There is no evidence showing the ownership of the property at the date of the purchase of the mules, or at the time they were placed thereon. Granting that the plantation was at that date the property of the wife, there is no proof that the wife administered it. *736 In the absence of proof, the husband is presumed to administer. C. C. 2386. Davis vs. Robertson, 14 An. 281. Being under the administration of the husband, the fruits fell into the community. 0. C. 2386. The purchase and use by the community, of mules to cultivate its own crop,, did not ex necessitate create an obligation of the wife, nor did the placing of the mules on the wife’s separate property, which was being cultivated by and for the benefit of the community, make them immovables by destination. The community was a mere usufructuary, not the owner of the plantation. C. C. 468. Eor this reason the cases of Pinny vs. Bloom, of Twichel vs. Avary, of Dickerman vs. Reagan, and other authorities cited, and relied on by counsel, are inapplicable. Of course, were the facts of this casé like those of Davis vs. Williams, 29 An. 298, the pinciples therein taught would be applicable, but they are not. There the wife was shown to have administered, but here such is-not the case. Even were the statement of the appellants’ counsel, “that the mules are on her plantation,” borne out by the record, the case might fall within the grasp of Jordan & Co. vs. Anderson, 29 An. 751. Such, however, is not the fact. The only evidence on the subject is that of the defendant, who testifies that the mules purchased by the husband were dead when the notes were furnished, with the exception of one or two; and there is no proof of the value or price of those so mentioned.
The judgment below we consider as only one of nonsuit. We therefore see no reason to remand the cause. The judgment is affirmed with costs.